Mark Caldwell This is a Social Security disability case. With the Court's permission, I will keep reserve two minutes for rebuttal. This is an appeal from a district court decision remanding for further proceedings on one out of four issues, and in my opinion, it's the least important of the issues that were brought up by the appeal, and that is the work is actually performed versus as generally performed in the national economy. That issue is moot if the other issues are properly resolved in the claimant's favor, and those issues deal with the two psychological evaluations that we have in this case and the vocational expert testimony that was based on those psychological evaluations. The first psychological evaluation, as you know, was Dr. Watkins, and there was an objection raised to Dr. Watkins's report because of the language barriers. You know, Ms. Kornicza only speaks Serbian. Dr. Watkins doesn't speak Serbian, and communicated with her through her daughter. I objected to that at the time of the hearing after I knew that the language barrier existed, in other words, after I knew that there had not been an interpreter. And the district court really devoted one sentence to that issue, saying, well, you're entitled to object to the examination, but you didn't. You objected to the report. As I cite in my brief, the commissioner has recognized that claimants have the ability and opportunity at each and every stage of the proceedings to object to evidence in their cases. I would also respectfully submit that it is illogical to ask a claimant to object to an examination before the examination occurs, before the claimant, or in this case claimant's counsel is even aware that a language barrier exists, in other words, is aware that the agency didn't furnish an interpreter. Under the facts of this case, I think it's fairly clear that the ALJ agreed that that was a proper objection, at least at first, because the ALJ said, okay, I'll send the claimant out for another examination, and this examination will have an interpreter. And so that examination is the second one under consideration this morning, and that's Dr. Geary's evaluation. Dr. Geary's evaluation didn't have that objection. Dr. Geary did have a Serbian interpreter at the examination, and he gave a report that the district court and the ALJ, in my opinion, engaged in a pick-and-choose analysis of the evidence. And here's what that pick-and-choose analysis was. Dr. Geary said in his narrative report the claimant would be somewhat limited in dealing with coworkers and dealing with work stresses. And then the agency furnishes an assessment form that asks the evaluator to go through various areas and give specific defined assessments of the claimant's abilities in various areas. And there, Dr. Geary was the one who said that the ALJ was not aware that the ALJ found an inconsistency between the statement that was made at the beginning and the checkoff. Correct. And the ALJ found the inconsistency and then used means to determine which ones of the inconsistency he believed. And your answer to that is? My answer to that is ALJs are responsible for resolving conflicts in the evidence, meaning Dr. A says one thing, Dr. B says something else. There might be a better reason to believe Dr. A than Dr. B. When there's ‑‑ excuse me. If there's an internal inconsistency in the evidence, the ALJ should not be free to say, well, I'm going to take this statement because it supports ‑‑ What's your best case to say the ALJ can't do that? The best case is this Court's very recent case in Watkins, cited in July. That is a case where this Court cited Edlund, which is the case that said an ALJ cannot engage in a selective analysis of the evidence that only looks at evidence that supports non‑disability. Refresh my recollection. Was Watkins a published opinion? Yes, it was. It's cited in my Rule 28J letter that I just sent up. Oh, okay. That's right. Thank you. Counsel, before you use up a lot of your time, we ask you specifically to address the issue of jurisdiction. Yes. We won't be getting to this, I suppose, unless we have jurisdiction. Well, I guess certainly. To be honest, Judge, I only had notice of that two hours before I had to hop on a plane to get here because I had to argue another case yesterday before a different panel. I think the issue on jurisdiction was, again, addressed in my Rule 28J letter, which is that this is a district court judgment that remains for further proceedings. And the issue would be, well, if it's remaining for further proceedings, is that a final judgment? And in my Rule 28J letter, I cited the Supreme Court's case in Forney v. Apfel, where the Supreme Court looked at exactly that issue and said yes. Well, the other problem is that the district court order just says the cross motions for summary judgment are denied, and there doesn't appear to be a final judgment of even remand in the record. Well, if you're referring to a separate piece of paper that says judgment on it, yes, you're right. There is no separate piece of paper that says judgment on it. And I dealt with that in a footnote in my jurisdictional statement in the brief, where I said, well, the docket entry says this terminates the action. Right. And the Rule 58, as amended in 2002, says, well, even if there isn't that separate piece of paper, 150 days later, it's deemed to be a judgment. And if you file an appeal even before that period of the Federal Rule of Appellate Procedure 4, it says if you file an appeal even before that period of time, you're not prejudiced. It's simply deemed filed as of the date of the judgment. So when you put those two rules together, I think we're okay. Roberts. It's a very tricky question of whether or not we're getting this too early. The district judge indicated that she would remand for clarification or further findings. She found that as appropriate. And then she doesn't say anything about a judgment. She said remand for action, this action for reconsideration. That seems to be different from Finkelstein and 4A because there was no reverse, there was no affirmance, there was no modification. And under the statute that those cases were, they tied it into that. Can you tell me how a remand? The district court was really on your side. It was trying to find out what happened in Step 4 and wanted further information. I sort of felt at the beginning that if someone was to object, it should have been your opponent on the issue. But having said that, if it isn't a remand, I mean, if it is an affirmance, not a modification, not a reversal, then it seems to me those cases are distinguishable. And why shouldn't we allow the district court to go ahead and clean up that issue, which is clearly an appropriate thing to do, and then let us review the case? I understand the time delay problem, but we're talking jurisdiction. So could you address that? Okay. Well, if we're not dealing with the technical part of the judgment part then, I think Forney hits that head-on, Judge. I think Forney says, yes, the appellant got some relief, but the appellant is entitled to come before this Court to say, I didn't get all the relief I wanted, and I'm entitled to appeal on that issue. And I know my time is getting to my rebuttal time, but I still want to continue. You know, I think there's a good policy issue here. These are Social Security cases with people who are in dire straits. I'm not appealing to sympathy here. I'm just talking about the realities of these cases. And the fact of the matter is, these people need these cases resolved as quickly as possible. Going back and forth and back and forth and back and forth is a bad policy. And when you're dealing with a situation like this, let me tell you, quite frankly, I believe if this case went back before the agency again, the ALJ would simply say, okay, it's not work as generally performed in the national economy. It's work as actually performed in Serbia. And under the cases that I cited in my brief, that's sufficient, and she still loses. Now, do you want to go back and appeal on the issues that I've already talked about, the psychological evaluations and the vocational expert testimony? And all we've done is kill a lot of trees by using a lot more paper, and eaten up a lot of time, and caused a lot more suffering. And I think that's bad policy. I only have one- Your client's 64 now? I'm sorry, Judge. Your client is how old now, 64? Yes. Okay. Thank you, Your Honor. Okay. Good morning, Your Honor. My name is Theophis Regans. I'm with the Office of General Counsel, and I'm here to represent the Commissioner, Joanne Barnhart. With regard to claimant's first issue, the objection to the consultative examination, the Commissioner takes the position that the ALJ actually gave the claimant the benefit of the doubt. The regulation indicates that a claimant may object on a number of bases, and the language barrier is one of those bases. And the agency will then consider whether or not the reason that the objection was raised is a good one. In this case, the agency actually went a step further and obtained a supplemental consultative examination to determine whether or not the objection was well-founded. The conclusion of Dr. Geary and the conclusion of Dr. Watkins was substantially the same when you look at the narrative reports that they produced. Based upon that evidence, the ALJ determined that it was not a good objection and that the language barrier issue was not really an issue, that being that the daughter apparently acted as an adequate interpreter because the results in both situations was the same. Let me ask you, maybe you can tell us, is there anything in the record that indicates that she mistranslated? There's nothing that indicates that she mistranslated. And in fact, both Dr. Geary and Dr. Watkins indicated that she was an adequate English-speaking person. Well, they, of course, don't speak Serbian very well. At least the record doesn't indicate that. But there's, the answer to my question is that there is nothing in the record that indicates that she mistranslated to the claimant on the language issue because that was never discussed. The daughter didn't come in and say, I did a terrible job. I didn't translate correctly or whatever. Nothing in the record. That's never been raised. It's never been raised. And that's one of the things that we mentioned in our brief is that a claimant has not indicated that the daughter was a bad interpreter. And as a result of that, the results of the doctor's report was not a good report. It's never been claimed in this case. In any event, even if we assume that there was error, the commissioner takes the position that this would not be a good case to remand for benefits. And there are a number of reasons for that. One is we have, even if we look at Dr. Geary's report, we have inconsistency. That would need to be resolved if we assume that the ALJ did not resolve it appropriately. When we look at the other medical records, we have Dr. Watkins' report. We have the records from the treating therapists, two of them. And we also have the report from the non-examining physician. All of those reports are contrary to this one indication in Dr. Geary's report. If we were going to remand, the agency should be allowed at least the opportunity to clarify the medical evidence if it needs to do that. We take the position that it doesn't need to do that. But if, in fact, that were the case, fact-finding should be done by the agency because there are some issues that have not been. If it is determined that the resolution was not a good one, there is a medical question that needs to be resolved. With regard to the testimony of the claimant, her testimony was different in different places. So even if we assume that there was error there, and we do not, on her disability report, she reported that her ability to work was limited because of hyperthyroidism, gorta, ulcer, and arthritis. But then again, on her request for hearing, she reported she was unable to work due to poor health and the inability to speak English. And at the hearing, she testified that she stopped working because her health problems, she lost her eyesight, she got arthritis. Nowhere in any of that testimony does she say she cannot work because she's not able to deal with work stress. And that is the issue that this case is supposed to be, that is supposed to be the dispositive issue at this point. Counsel, you didn't object to the remand that the district court, the remand order the district court entered? We did not object to the remand. And you didn't appeal that? We, pardon me? And you did not appeal that to us? We did not appeal it. What's your position on whether or not we have jurisdiction? We have assumed that what the court intended to do was issue a final decision. The what? The court, the district court, intended to issue a final decision. The agency in the past has taken the position that claimants should not be allowed to appeal remand for further position, for further proceedings. But in light of Forney, we have stopped arguing that that the Ninth Circuit no longer has jurisdiction because of that. Well, I admire your willingness to capitulate to the Ninth Circuit. But as indicated earlier, this is not a case that is directly governed by Forney because the district court did not affirm, did not reverse, did not modify. And unfortunately, even if you suggest we have jurisdiction, that's not going to end it because we have to determine our own jurisdiction. Is it the position of the Commissioner that there is jurisdiction, that we should extend Forney to cases that are outside the statute? They neither affirm, nor reverse, nor modify. Is that the position the Commissioner takes nationally? You know, I don't think that's the case. As a, let me, can I answer this two ways? This is a very difficult question for me. I'm trying to look at two things. There's a policy question here that may be very significant. And I want to be very careful that I respond in the best interest of the agency and the best interest of everyone concerned. It is the agency's position that appealing remands is not a good policy because the claimant can raise whatever issues they need to raise at the second hearing anyway. And so it's kind of not, it's kind of contrary to judicial economy to allow the appeal of remands. In this particular case, the agency has taken the position, we interpreted the order as a final order because the district court indicated that it was terminating the case. You didn't view it as a limited remand, in other words. There are two ways to read the order, I think. And I tend to think that Judge Murgillo wanted to issue a final order of remand rather than a limited remand for clarification and then a final judgment later. But it's susceptible to either of those interpretations. Your interpretation is, I gather, that it's a full remand with a full rehearing and everything is on the table. Yeah, you've helped me considerably. If we believe that the court had intended to reserve a judgment by not entering a judgment, then we would take the position that appeal of that remand would be a full remand. If the court was doing a sentence for a remand and was saying, all right, this court is done and we are now sending this back to the agency to have them clarify this issue and issue another decision, if that decision is appealed, then it will be back to the court as a different matter. Let me ask you how you interpret this language, the district court's actual language. This Court finds that in light of the confusion surrounding the ALJ's findings at the fourth prong of the analysis, remand for clarification or further findings is appropriate. And in the final order, it is further ordered that the clerk of the court remand this action for reconsideration. The reconsideration was specified having to do with the confusion of the fourth prong. Do you think the court has finalized its concern about this case and would that remand? I do. And I do because of the docket. The docket actually says further ordered that the clerk of court terminate in case. Yes. That's the docket that was entered by the clerk of the court. But I'm looking at the specific order of the district judge. We do believe that it was final. And I did talk with the U.S. Attorney about this. And the U.S. Attorney actually agreed with the position that I was taking over the telephone, that this was a final order. Well, that's why we gave you the opportunity to check with the best, because you're speaking for an agency and what you speak is the agency determination nationwide. And we can quote you on that. So that's why we gave you the opportunity. And I appreciate your candor. Let me ask you one other question. The district court's ordered a remand. And that part is uncontested. We have a woman who's 64, doesn't speak English. I think it sort of defies common sense that we can say that she can find employment as an elementary school teacher in English. I'm not talking about how you apply the law. I'm just saying as a matter of common sense. Are you willing to engage or would the assistance of the circuit mediator be of assistance to you in resolving this case? Or do you think that this is a case that just can't be settled and needs to be resolved? And your answer will not impact our decision, I can assure you, one way or the other. I don't think, you know, I'd have to check. I would want to check with a regional chief counsel. But I don't believe that we could change the outcome by having a discussion or going into mediation with the circuit mediator. And the reason I don't think so is because the regulations require that the claimant sustain a burden of proof. They have to prove that they're disabled under our criteria. And so without having an ALJ resolve the issue, we can't resolve it. The ALJ has determined that this person doesn't meet the criteria. And there's no way that we can get around that without having someone who has legal authority do that. As counsel, we couldn't mediate this case and settle it. Well, you can settle it subject to court approval or ALJ approval or something. But apart from your technical problems on the merits, is this something that you would likely mediate or not? I don't believe so. That's enough. We don't need to belabor it. I was just inquiring about it. I don't think we're allowed to. Counsel, I'll give you two minutes for rebuttal. Thank you, Judge. Judge Wallace asked me a question earlier about best cases, and let me throw a couple out that came to mind as I was listening to the Commissioner's arguments. Stout decided earlier this year, talks about the harmless error doctrine. And I think that's important because there's some questions here about, well, was the claimant prejudiced by not having a translator? And I don't think that's harmless error. PITZER, P-I-T-Z-E-R, is a case that says you can't add requirements to the regulation. The regulation says you're entitled to object on the basis of a language barrier. It doesn't go on to say you have to demonstrate how you were somehow prejudiced. MOISA decided in 2004, M-O-I-S-A, says that if a vocational expert testifies on the basis of improperly discredited evidence that the individual cannot work, then the proper remedy is remand for payment of benefits. And those are the cases that I would ask this Court to consider on those key issues. The only other point I would make is there was a statement that the Watkins and Geary evaluations were the same. That's not true. The vocational expert gave different testimony, assuming the Watkins evaluation and assuming the Geary assessment. They can't be the same if the vocational expert said ---- Let me ask you a question, if I could. Let's assume that we find we do have jurisdiction. I'm sorry, Judge, I have to ask you again. Let's assume we do find we have jurisdiction. Yes, sir. And so we're reviewing whether the district court properly remanded to clarify Step 4. Right. Could we just write an opinion saying we agree that Step 4 needs clarification, or do we direct the district judge to do it? It seems to me that the district judge had a good point, that Step 4 needed some clarification, at least in reading the opinion and the arguments here. I don't think you'd disagree that the ALJ was ---- needed some clarification on Step 4. Would that be the proper result? No. The ---- assuming for purposes of argument that a remand on Step 4 would otherwise be appropriate, you never get there if you decide that the Watkins evaluation was improperly relied upon, the Geary evaluation was improperly evaluated by way of a pick-and-choose evaluation of the evidence, and that the vocational expert testimony based upon the Geary evaluation under the Moyza case that I just referred to leads to remand for determination of benefits. This issue about the language barrier is intellectually interesting, et cetera, et cetera, et cetera, but it's entirely irrelevant if the case is properly evaluated on the previous issues that are set forth in my brief. I see. So if you went on all the previous issues, we don't need to get to that. Never get there. I see your point. Thank you. Are there any other questions from the panel? No. I assume that your view of the district court order is the same as the government's, that the district court intended it to be a final order. Yes. And the reason I feel pretty confident in saying that is the district court ruled on all the issues. Ruled improperly, obviously. That's my argument. But, you know, there were issues 1, 2, 3, and 4, and the Court said you lose on 1, you lose on 2, you lose on 3, and we're going to remand on 4. If the district court had just talked about 4, well, then we might have some problems  here, but the district court on the substance of the case ruled on all the issues that were brought up. Okay. Thank you, counsel. Thank you, Judge. Why don't you give it to the clerk, and the clerk will give it to us. Well, if it supports what I said, I'll take it. Okay. The case just heard will be submitted. We'll proceed. Lewis v. Barnhart is submitted on the briefs, and we'll proceed to the argument on Belize v. Roche.
judges: Wallace, Thomas, Ezra